United States Courts
Southern District of Texas
FILED

May 03, 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 7:23-cv-00151 |
| v. | ) |
| UNITED DRIVE INN NO. 2 INC., *et al.*, | ) |
| Defendants. | ) |

# COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, now brings this action to (1) reduce to judgment unpaid federal tax liabilities owed by Defendant United Drive Inn No. 2 Inc. (United Drive); (2) enforce associated federal tax liens against certain real property (the Subject Property); and (3) determine that Defendants Jose A. Flores and Juan R. Flores hold title to United Drive as nominees and due to an actual and constructive fraudulent transfer. For this complaint, the United States alleges:

**Jurisdiction, Venue, and Parties**

1. Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because United Drive, Jose A. Flores, and Juan R. Flores reside in Hidalgo County, Texas; the Subject Property is located in Hidalgo County, Texas; and the tax liabilities at issue arose in Hidalgo County, Texas.

3. Plaintiff is the United States of America.

4. United Drive, a Texas corporation, is the taxpayer whose unpaid federal income tax liabilities are at issue and have given rise to the federal tax liens being enforced in this action.

5. Jose A. Flores holds title to the Subject Property as United Drive's nominee. He also received the Subject Property through a fraudulent transfer.

6. Juan R. Flores holds title to the Subject Property as United Drive's nominee. He also received the Subject Property through a fraudulent transfer.

7. Wells Fargo Bank, National Association is a defendant as required by 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## General Allegations

8. Jose A. Flores and Juan R. Flores are brothers. In 1995, their parents, Roberto Guerra Flores and Guadalupe Alvarez Flores, incorporated United Drive in the State of Texas and appointed themselves as officers. Within three years, by 1998, Juan R. Flores served as President of United Drive, and his father as Vice President; the two were the corporation's sole officers.

9. By 1998, United Drive owned a grocery store in Hidalgo County. In December of that year, it purchased the Subject Property—a vacant lot adjacent to the grocery store—for $10.00 and a promissory note for $75,000.00. The corporation remained in business for years thereafter.

10. In 2010, Juan R. Flores became United Drive's sole officer. By then, United Drive's assets included only the grocery store and the Subject Property. In 2012, it sold the grocery store, creating a capital gain of $1,193,089.00; the Subject Property became United Drive's only asset.

11. On June 14, 2013, United Drive filed with the Internal Revenue Service Form 1120 (U.S. Corporation Income Tax Return) for the tax period ending September 30, 2012, reporting the capital gain from the sale of the grocery store. Therein, United Drive also reported a tax liability of $325,243.00 for the sale. It did not, however, pay any portion of this self-reported tax liability.

12. On July 8, 2013, based on the amounts reported by United Drive in its Form 1120, the Service issued an assessment against United Drive for unpaid taxes and penalties for the tax period ending September 30, 2012. On July 27, 2013, the Service sent to United Drive a Notice and Demand regarding United Drive's tax debt. The Notice and Demand went unanswered.

13. Within days of the Notice and Demand, on August 5, 2013, United Drive transferred the Subject Property to the Flores Defendants by General Warranty Deed, for $10.00 and "other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged." This transfer depleted United Drive of any assets. The General Warranty Deed transferring the Subject Property became recorded in Hidalgo County, Texas on August 23, 2013.

14. More than four years later, United Drive filed a Certificate of Termination with the Texas Secretary of State, in December 2017. Today, its tax debt remains.

## The Subject Property

15. The Subject Property is located at N 29th Street, McAllen, Texas 78504 (Property ID No. 588416) and is more fully described as follows:

> A 1.3591 acre tract of land, more or less, out of Lot 107, LA LOMITA IRRIGATION AND CONSTRUCTION COMPANY'S SUBDIVISION, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 24, Page 68, Deed Records of Hidalgo County, Texas and being more particularly described by metes and bounds:
>
> COMMENCING for the reference at the Northwest corner of Lot 107, THENCE, SOUTH, with and along the West Line of Lot 107, also being the centerline of 29th Street, a distance of 350.00 feet to a point, THENCE EAST, parallel to the North line of Lot 107, a distance of 40.00 feet to a 1/2 inch diameter iron rod found for the Southwest corner of this description for the POINT OF BEGINNING;
>
> THENCE NORTH, parallel to the West line of Lot 107, also being the East R.O.W. line of 29th Street, a distance of 260.00 feet to a one-half (1/2) inch diameter iron rod set for a corner; THENCE, North 45 degrees 00 minutes 00 seconds East, along the East R.O.W. line of 29th street, a distance of 56.57 feet to one-half (1/2) inch diameter iron rod set for the Northwest corner;
>
> THENCE, EAST, parallel to the North line of Lot 107, also being the South R.O.W. line of Mile 3, a distance of 160.00 feet to a one-half (1/2) inch diameter iron rod set for the

Northeast corner; THENCE, SOUTH, parallel to the West line of Lot 107, a distance of 300.00 feet to a one-half inch diameter iron rod found for the Southwest corner;

THENCE WEST, parallel to the North line of Lot 107, a distance of 100.00 feet to a one-half inch diameter iron rod found for the Southwest corner of this description and THE POINT OF BEGINNING;

Said tract of land containing 1.3591 acres of land, more or less.

## Count 1

### JUDGMENT AGAINST UNITED DRIVE

16. On the dates below, a delegate of the Secretary of the Treasury made assessments against United Drive for corporate income taxes and penalties for the following tax period and in the amounts below (the Income Tax liabilities), which have balances due with accruals and costs as of February 6, 2023. The Income Tax liabilities are based on the Form 1120 that United Drive filed with the IRS.

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 02/06/2023 |
|---|---|---|---|---|
| 09/30/2012 | 07/08/2013 | Tax | $325,243.00 | $718,400.17 |
| | 07/08/2013 | Pre-Tax Penalty | $73.00 | |
| | 07/08/2013 | Late Payment Penalty | $11,383.50 | |
| | 05/26/2014 | Late Payment Penalty | $32,524.30 | |
| | 06/01/2015 | Late Payment Penalty | $37,402.94 | |
| **Total** | | | | $718,400.17 |

17. A delegate of the Secretary of the Treasury gave notice and demand for payment of the Income Tax liabilities to United Drive. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the Income Tax liabilities had a $718,400.17 unpaid balance due as of February 6, 2023.

18. Despite notice and demand for payment, United Drive has failed, neglected, or refused to fully pay the Income Tax liabilities.

19. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that United Drive is liable to the United States for the Income Tax liabilities in the amount of $718,400.17 as of February 6, 2023, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

20. This action has been commenced within the applicable statute of limitations. Generally, the United States has ten years from the date of assessment to file suit to collect an unpaid tax liability. 26 U.S.C. § 6502(a)(1). The Income Tax liabilities were assessed within the last ten years.

**Count 2**

**ENFORCEMENT OF FEDERAL TAX LIENS**

21. Pursuant to 26 U.S.C. §§ 6321 and 6322, due to the neglect, refusal, or failure by United Drive to pay the Income Tax liabilities described above after notice and demand, federal tax liens arose on the date of assessment and attached to all property and rights to property belonging to United Drive, including the Subject Property.

22. Because federal tax liens arose and attached to the Subject Property on July 8, 2013—before United Drive transferred the Subject Property on August 5, 2013—the federal tax liens remain attached to the Subject Property, irrespective of the Property's subsequent transfer.

23. Moreover, United Drive, with actual knowledge of the Income Tax Liabilities assessed against it, transferred the Subject Property to Messrs. Flores without receiving adequate and full consideration. Specifically, United Drive purchased the Subject Property for $10.00 and a promissory note for $75,000.00, yet transferred the Subject Property to Messrs. Flores for a mere $10.00 with no other specifically identified consideration. The fair market value of the Subject Property is $592,416.00. Following the transfer of the Subject Property, United Drive became insolvent and defunct. Messrs. Flores were therefore not "purchasers" of the Subject Property as

that term is contemplated in Internal Revenue Code section 6323(a) and defined in section 6323(h)(6). Because of that, the IRS's federal-tax liens against the Subject Property remain valid and effective, irrespective of United Drive's transfer of the Subject Property to Messrs. Flores.

24. The Internal Revenue Service, in addition, publicly filed Notices of Federal Tax Lien (NFTL) in accordance with 26 U.S.C. § 6323(f) with the County Clerk of Hidalgo County, Texas, regarding the Income Tax liabilities described below, on July 10, 2018.

25. Accordingly, pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against the Subject Property, by foreclosure sale or other court orders. In particular, the United States is entitled to have the entire Subject Property sold in a judicial sale, by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Subject Property; second, to the United States to pay the Income Tax liabilities described above; and third, to other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law.

## Count 3

### AVOIDANCE OF FRAUDULENT TRANSFER

26. Under the Texas Uniform Fraudulent Transfer Act , Tex. Bus. Com. Code section 24 (TUFTA), the United States is entitled to a judgment that avoids the transfer of the Subject Property to Messrs. Flores on grounds of actual and constructive fraudulent transfer, and to enforce its federal tax liens against the Subject Property, as pleaded in paragraphs 21–25 of this complaint.

27. The elements of an actual fraudulent transfer under the TUFTA are: "(1) a creditor; (2) a debtor; (3) the debtor transferred assets shortly before or after the creditor's claim arose; (4)

with actual intent to hinder, delay, or defraud any of the debtor's creditors." *Thomas v. Hughes*, 27 F.4th 995, 1015 (5th Cir. 2022) (citation omitted).

28. The elements of a constructive fraudulent transfer under the TUFTA are "the same as actual fraudulent transfer except instead of pleading fraudulent intent, the plaintiff must plead facts demonstrating: (1) a lack of reasonably equivalent value for the transfer; and (2) the transferor was 'financially vulnerable' or insolvent at the time of the transaction." *Matter of Life Partners Holdings*, 926 F.3d 103, 120 (5th Cir. 2019) (citation omitted).

29. The United States incorporates by reference paragraphs 8–14, 23 of this complaint.

30. The United States was a creditor as defined by the TUFTA at the time of the transfer of the Subject Property because the IRS assessed the Income Tax liabilities against United Drive on July 8, 2013, and United Drive transferred the Property to Messrs. Flores on August 5, 2013.

31. United Drive was a debtor as defined by the TUFTA at the time of the transfer because United Drive owed to the IRS its self-reported Income Tax liabilities.

32. Upon information and belief, United Drive transferred the Subject Property to Messrs. Flores to intentionally hinder, delay, and defraud the United States by depleting United Drive of any asset from which it could satisfy United Drive's Income Tax liabilities.

33. United Drive transferred the Subject Property mere weeks after the Service's assessment and within days of the Notice and Demand letter. The Subject Property was United Drive's only asset, and by transferring that asset to Messrs. Flores for no adequate and full consideration, United Drive attempted to delay and prevent the United States' collection efforts.

34. United Drive did not receive reasonably equivalent value for the Subject Property. It purchased the Subject Property for $10.00 and a promissory note for $75,000.00, yet transferred

the Property to Messrs. Flores for a mere $10.00 with no other specifically identified consideration. The fair market value of the Subject Property is $592,416.00

35. Further, United Drive was financially vulnerable when it transferred the Subject Property; it owned no other asset—a fact then known to United Drive and to Messrs. Flores.

36. Because of United Drive's fraudulent transfer of the Subject Property, United Drive became, and remains today, insolvent.

## Count 4

### NOMINEE LIABILITY

37. The United States is entitled to a judgment that determines Jose A. Flores and Juan R. Flores are nominees of United Drive, and to enforce its federal tax liens against the Subject Property, as pleaded in paragraphs 21–25 of this complaint.

38. A federal tax lien reaches not only the "property and rights to property" of the taxpayer, but also any property held by a third party as the nominee of the taxpayer. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350 (1977).

39. The United States Court of Appeals for the Fifth Circuit considers the following factors to determine nominee status: "(a) No consideration or inadequate consideration paid by the nominee; (b) Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property; (c) Close relationship between the transferor and the nominee; (d) Failure to record conveyance; (e) Retention of possession by the transferor; and (f) Continued enjoyment by the transferor of benefits of the transferred property." *Oxford Cap. Corp. v. United States*, 211 F.3d 280, 284 n.1 (5th Cir. 2000). No one factor is dispositive; district courts within the Fifth Circuit, instead, weigh each *Oxford* factor accordingly. *See, e.g., United States v. Orr*, 336 F. Supp. 3d 732, 761 (W.D. Tex. 2018).

40. The United States incorporates by reference paragraphs 8–14, 23, 26–36 of this complaint.

41. The *Oxford* factors weigh in favor of finding that Messrs. Flores hold the Subject Property as nominees of United Drive:

    A. Messrs. Flores paid United Drive inadequate consideration for the Subject Property. United Drive purchased the Subject Property for $10.00 and a promissory note for $75,000.00, yet transferred the Property to Messrs. Flores for a mere $10.00 with no other specifically identified consideration. The fair market value of the Subject Property is $592,416.00.

    B. Messrs. Flores were aware of the IRS's assessment against United Drive and caused United Drive to transfer title to the Subject Property to avoid the IRS's collection efforts. Indeed, Juan R. Flores served as President of the corporation at the time of the transfer and is the brother of Jose A. Flores.

    C. Messrs. Flores have a close relationship with United Drive; their parents incorporated the corporation, and one Juan R. Flores served as President of the corporation.

    D. United Drive is defunct and indebted to the United States. Meanwhile, Messrs. Flores enjoy the benefits of the Subject Property: because of the transfer of the Subject Property, Messrs. Flores hold title to an asset (the Subject Property) valued at $592,416.00.

42. On June 19, 2019, the IRS filed Notices of Federal Tax Lien (NFTL) against Jose A. Flores and Juan R. Flores, as Nominees of United Drive, in accordance with 26 U.S.C. § 6323(f), with the County Clerk of Hidalgo County, Texas, regarding the Income Tax liabilities.

43. The United States has valid and subsisting federal liens on Messrs. Flores' rights to the Subject Property—if any—as nominees of United Drive and those liens may be enforced against the Subject Property.

**PRAYER**

For these reasons, the United States of America is entitled to a judgment determining that:

A. United Drive is liable to the United States for the Income Tax liabilities arising out of the tax period ending September 30, 2012, in the amount of $718,400.17 as of February 6, 2023, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B. The federal tax liens securing the Income Tax liabilities shall be foreclosed or enforced by other court orders against the Subject Property by sale of the entire Subject Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Subject Property; second, to the United States to pay the liabilities set forth above; and, third, to other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law;

C. United Drive's transfer of the Subject Property to Jose A. Flores and Juan R. Flores is avoided and set aside and has no effect on the United States' enforcement of its federal-tax liens because, under Texas law, the transfer of the Subject Property was actually and constructively fraudulent;

D. United Drive is the true owner of the Subject Property. Jose A. Flores and Juan R. Flores merely hold title to the Subject Property as nominees of United Drive, and as a result, the Subject Property is subject to the United States' federal-tax liens; and

E. Awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

Dated: May 3, 2023                              Respectfully submitted,

**DAVID A. HUBBERT**
Deputy Assistant Attorney General

*/s/Eduardo R. Mendoza*
Eduardo R. Mendoza
Trial Attorney
State Bar No. 24096680
U.S. Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
214.880.9735
Eduardo.Mendoza@usdoj.gov

**Counsel for Plaintiff**
**United States of America**